Cherie BACH

v.

FLORIDA R/S, INC., d/b/a Trammell Crow Residential Services; Horizons, Ltd., a limited partnership under Illinois' Revised Limited Partnership Act; P.C. Horizons, Inc., a foreign corporation d/b/a Horizons Apartments.

No. 92–569–CIV–ORL–22.

United States District Court, M.D. Florida, Orlando Division.

Oct. 7, 1993.

Lawrence H. Hornsby, Lawrence H. Hornsby, P.A., Orlando, FL, for plaintiff.

John Ward Smith, Roth, Edwards & Smith, David H. Popper, O'Neill, Chapin, Marks, Liebman, Popper & Cooper, Orlando, FL, for defendants.

### ORDER

CONWAY, District Judge.

This cause comes before the Court on various pending motions.

## I. Plaintiff's Motion for Summary Judgment

On August 13, 1993, Plaintiff filed her Motion for Summary Judgment (Dkt. 91). Defendant Florida R/S Inc. d/b/a Trammell Crow Residential Services ("Trammell Crow") filed a response (Dkt. 97) on August 26, 1993. Defendants Horizons, Ltd. and P.C. Horizons, Inc., referred to incorrectly in various pleadings as Partnership Concepts, Inc. d/b/a Horizons Apartments, (collectively, "Horizons") filed a response (Dkt. 96) on August 23, 1993 and supplemented the response by filling a recently decided case (Dkt. 99) on September 2, 1993. Plaintiff filed a Notice of Filing Supplemental Authority (Dkt. 106) on September 30, 1993. Plaintiff's supplemental authority was decided two or more years ago. It could have been included in Plaintiff's initial motion. Additionally, Plaintiff's "notice" includes two pages of legal argument. It appears that Plaintiff's notice is, in effect, a reply, which is not permitted without leave of Court. The Court will consider only the cases cited by Plaintiff in her supplement and not the legal argument.

Plaintiff raises two arguments in her motion. The Court begins by considering Plaintiff's second argument by which Plaintiff seeks summary judgment on Horizons' fifth affirmative defense and Trammell Crow's third affirmative defense. Horizons' fifth affirmative defense is that Plaintiff's injuries were the result of the superseding and intervening intentional misconduct of third parties. Trammell Crow's third affirmative defense refers to "intervening and superseding carelessness, negligence or other actual conduct" of third parties.

Plaintiff represents that the only third party disclosed in discovery is Mr. Constanzo, the alleged rapist.[1] Plaintiff then argues that the superseding, intervening acts of a third party are not a bar against recovery in cases alleging failure to warn or failure to provide adequate protection. Plaintiff cites caselaw directly on point on this issue. The Defendants do not disagree with the position taken by Plaintiff. Summary judgment on the basis of Plaintiff's second argument is proper.

Plaintiff's first argument is that summary judgment should be entered on Horizons' fourth affirmative defense, on Trammell Crow's third affirmative defense and on Horizons' Third Party Complaint. Horizons' fourth affirmative defense asserts that Horizons is entitled to an allocation of damages between and among joint tortfeasors pursuant to Section 768.81, Florida Statutes. In addition to referring to an intervening and superseding act as set forth above, Trammell Crow's third affirmative defense includes a reference to a proportionate reduction in damages claimed against Trammell Crow based on the "carelessness, negligence and/or other actual conduct by ... third-parties." Trammell Crow's response to Plaintiff's motion makes it clear that this affirmative defense rests on Section 768.81. The second count in Horizons' Third Party Complaint (Dkt. 53) against Mr. Constanzo is also based on Section 768.81.[2]

Plaintiff argues that the jury may not apportion fault pursuant to Section 768.31 against Mr. Constanzo for his intentional conduct. The crux of Plaintiff's argument is that the statute does not contemplate an allocation of fault among intentional and negligent tortfeasors.[3] While the parties have

1. The Court views Mr. Constanzo's alleged actions as intentional and is not persuaded that the Defendants could successfully argue that the rapist's actions are merely negligent. Since Defendants have not identified any third party other than Mr. Constanzo, the Court considers only the intervening, superseding *intentional* act of a third party.

2. On the first page of her motion, Plaintiff asks the Court to dismiss Horizons' Third Party Complaint. However, the first count of the Third Party Complaint seeks indemnification from Mr. Constanzo. At page four of her motion, Plaintiff

represents that she has no objection to Horizons' indemnification claim. Therefore, the Court views Plaintiff's motion as seeking only dismissal of the second count of the Third Party Complaint.

3. As stated in footnote 1, the Court views Mr. Constanzo's alleged actions as intentional, rather than negligent. The Court does not in this Order address the merits of the Defendants' contribution defense against other negligent tortfeasors, including each other.

referred the Court to some Florida caselaw interpreting Section 768.81, the cases do not address the issue presented by Plaintiff. Trammell Crow has referred the Court to cases interpreting California's contribution statute. Plaintiff has referred the Court to cases interpreting the contribution statute of Kansas. These cases provide no real guidance in interpreting the language of and legislative intent behind Florida's statute. In addition to a lack of relevant caselaw supporting contribution between intentional and negligent tortfeasors, the Court is concerned that such a rule could, in effect, defeat Plaintiff's cause of action against Defendants. As noted above, Florida state courts have not evidenced a willingness to accept such a consequence. *See Holley v. Mt. Zion Terrace Apartments, Inc.,* 382 So.2d 98 (3d DCA 1980). Summary judgment on the basis of Plaintiff's first argument is proper.

## II. Trammell Crow's Motion for Summary Final Judgment.

On August 13, 1993, Trammell Crow filed its Motion for Summary Final Judgment (Dkt. 92). Plaintiff responded (Dkt. 94) on August 23, 1993. At the pretrial conference on October 4, 1993, counsel for Horizons indicated that Horizons had agreed to indemnify Trammell Crow. Therefore, Trammell Crow's motion is properly denied as moot with leave to refile should Trammell Crow's circumstances change.

It is hereby ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Dkt. 91) is GRANTED.

2. Trammell Crow's Motion for Summary Final Judgment (Dkt. 92) is DENIED as moot.

DONE AND ORDERED.